EXHIBIT 1a

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
PACIFIC COAST FEATHER CUSHION CO., a corporation; PACIFIC COAST
FEATHER COMPANY, a corporation; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
MARIA SERRANO, individually and on behalf of all
others similarly situated

> FOR COURT USE ONLY
> (SOLO PARA USO DE LA CORTE)
> **FILED**
> Superior Court of California
> County of Los Angeles
>
> MAY 02 2017
>
> Sherri R. Carter, Executive Officer/Clerk
> By_____, Deputy
> Judi Lara

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): Stanley Mosk Courthouse | (Número del Caso): **BC 6 5 9 5 6 3** |

111 North Hill Street
Los Angeles, 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Kashif Haque, Esq., AEGIS LAW FIRM, PC, 9811 Irvine Ctr Dr, Ste 100, Irvine, CA 92618, 949-379-6250

| DATE: MAY 02 2017 | SHERRI R. CARTER Clerk, by | Judi Lara | , Deputy |
|---|---|---|---|
| (Fecha) | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

EXHIBIT 1b

**AEGIS LAW FIRM, PC**
KASHIF HAQUE, State Bar No. 218672
SAMUEL A. WONG, State Bar No. 217104
JESSICA L. CAMPBELL, State Bar No. 280626
ALI S. CARLSEN, State Bar No. 289964
9811 Irvine Center Drive, Suite 100
Irvine, California 92618-2902
Telephone: (949) 379-6250
Facsimile: (949) 379-6251

Attorneys for Plaintiff Maria Serrano,
individually and on behalf of all others similarly situated

**FILED**
Superior Court of California
County of Los Angeles

MAY 02 2017

Sherri R. Carter, Executive Officer/Clerk

By _____, **Deputy**
Judi Lara

CA
A-6024
90660
DEPT 305
CAROLYN
KUHL

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

BC 6 5 9 5 6 3

| | |
|---|---|
| MARIA SERRANO, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| vs. | 1. Failure to Provide Meal Periods; |
| PACIFIC COAST FEATHER CUSHION CO., a corporation; PACIFIC COAST FEATHER COMPANY, a corporation; and DOES 1-20, inclusive, | 2. Failure to Authorize or Permit Rest Periods; 3. Failure to Pay All Wages Due Upon Separation of Employment; |
| Defendants. | 4. Failure to Furnish Accurate Wage Statements; and 5. Violation of California Business and Professions Code §§ 17200, *et seq.* |
| | **DEMAND FOR JURY TRIAL** |

By Fax

RECEIPT #: CCH520872062
DATE PAID: 05/02/17  04:22 PM
PAYMENT: $1,435.00
RECEIVED:
  CHECK:         $1,435.00
  CASH:             $0.00
  CHANGE:           $0.00
  CARD:             $0.00

CIT/CASE:
LEA/DEF#:   BC659563
310

05/02/2017

Plaintiff Maria Serrano, individually and on behalf of all others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.    Plaintiff Maria Serrano ("Plaintiff") brings this class action, pursuant to California Code of Civil Procedure section 382, on behalf of herself and non-exempt employees employed, or formerly employed, within the State of California by Pacific Coast Feather Cushion Co., Pacific Coast Feather Company, and any subsidiaries or affiliated companies (hereinafter, along with DOES 1 through 20, collectively referred to as "Pacific Coast" or "Defendants").

2.    Pacific Coast manufactures down feather items in facilities in California.

3.    Through this action, Plaintiff is alleging that Defendants have engaged in a pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.    Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

    (a)    Failing to provide lawful meal periods or compensation in lieu thereof,

    (b)    Failing to authorize or permit lawful rest periods or provide compensation in lieu thereof;

    (c)    Willfully failing to provide accurate semi-monthly itemized wage statements; and

    (d)    Failing to pay all wages due upon separation of employment.

5.    Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of herself and all others similarly to recover, among other things, unpaid meal period compensation, unpaid rest period compensation, interest, attorney's fees, costs and expenses and penalties pursuant to Labor Code §§ 201-204, 210, 226, 226.3, 226.7, and 512.

6.    Plaintiff, on behalf of herself and all class members, pursuant to Business and Professions Code sections 17200, *et seq*, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

///

1

**CLASS ACTION COMPLAINT**

**JURISDICTION AND VENUE**

7.     This is a class action, pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

8.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all cases except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

9.     This Court has jurisdiction over all Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

10.     Venue as to each defendant is proper in this judicial district, pursuant to California Code of Civil Procedure section 395.5. Upon information and belief, Defendants transact business or have at least one facility in this county and acts and omissions alleged herein took place in this county.

**THE PARTIES**

11.     Plaintiff Maria Serrano is a resident of California. Plaintiff was employed by Defendants during the Class Period in California.

12.     Plaintiff is informed and believes, and thereon alleges, that Defendants at all times hereinafter mentioned, were and are employers as defined in and subject to the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

13.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

14.     Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint

2

1    scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are

2    legally attributable to the other defendant. Furthermore, defendants in all respects acted as the

3    employer and/or joint employer of Plaintiff and the class members.

4         15.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts

5    and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1

6    through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's

7    behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy

8    of Defendants.

9         16.    At all relevant times, Defendants, and each of them, acted within the scope of such

10    agency or employment, or ratified each and every act or omission complained of herein. At all

11    relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and

12    all the other Defendants in proximately causing the damages herein alleged.

13         17.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants

14    is in some manner intentionally, negligently or otherwise responsible for the acts, omissions,

15    occurrences and transactions alleged herein.

16                  **CLASS ACTION ALLEGATIONS**

17         18.    Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of herself

18    and all other members of the general public similarly situated who were affected by Defendants'

19    Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

20         19.    All claims alleged herein arise under California law for which Plaintiff seeks relief

21    authorized by California law.

22         20.    Plaintiff's proposed Class consists of and is defined as follows:

23            All persons currently or formerly employed as non-exempt employees by
24            Defendants in the State of California within four years prior to the filing of
        this action to the present.

25         21.    Plaintiff also seeks to certify the following Subclass:

26            <u>Waiting Time Subclass</u>

27            All members of the Class who separated their employment from Defendants
28            within three years prior to the filing of this action to the present.

3

**CLASS ACTION COMPLAINT**

22.     Members of the Class and Subclass described above will collectively be referred to as "class members." Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

23.     This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

      a.     Whether Defendants deprived Plaintiff and class members of timely meal periods or required Plaintiff and class members to work through meal periods without compensation;

      b.     Whether Defendants deprived Plaintiff and class members of rest breaks or required Plaintiff and class members to work through rest breaks without compensation;

      c.     Whether Defendants failed to timely pay Plaintiff and former class members all wages due upon termination or within 72 hours of resignation;

      d.     Whether Defendants failed to furnish Plaintiff and class members with accurate wage statements; and

      e.     Whether Defendants engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

24.     There is a well-defined community of interest in the litigation and the Class is readily ascertainable.

      (a)     <u>Numerosity</u>:  The members of the Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by inspection of Defendants' employment and payroll records.

05/02/2017

4

**CLASS ACTION COMPLAINT**

(b)  <u>Typicality</u>:  The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)  <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately represent and protect the interests of all members of the Class because it is in her best interest to prosecute the claims alleged herein to obtain full compensation and penalties due her and the Class. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)  <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class. If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)  <u>Public Policy Considerations</u>:  Employers in the State of California and other states violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their

5

former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

**GENERAL ALLEGATIONS**

25. At all relevant times mentioned herein, Defendants employed Plaintiff and other persons as non-exempt employees.

26. Plaintiff was employed in a non-exempt position at Defendants' California business location(s).

27. Defendants continue to employ non-exempt employees within California.

28. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants were advised by skilled lawyers, employees and other professionals who were knowledgeable about California wage and hour law, employment and personnel practices and the requirements of California.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive one timely, uninterrupted meal period when working more than five hours and a second timely, uninterrupted meal period when working more than ten hours. Defendants failed to provide these lawful meal periods to class members. These failures include, but are not limited to, failing to provide the first meal periods within the first five hours of work and failing to provide second meal periods for shifts of longer than ten hours.

30. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all rest breaks or payment of one additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and class

**CLASS ACTION COMPLAINT**

1  members did not receive all rest breaks or payment of one additional hour of pay at Plaintiff and

2  class members' regular rate of pay when a rest break was missed.

3       31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

4  should have known that Plaintiff and class members were entitled to timely payment of wages during

5  their employment. In violation of the California Labor Code, Plaintiff and class members did not

6  receive payment of all wages including, but not limited to, compensation for meal period violations

7  and rest period violations, within permissible time periods.

8       32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

9  should have known that Plaintiff and Waiting Time class members were entitled to timely payment

10  of wages upon separation of employment. In violation of the California Labor Code, Plaintiff and

11  Waiting Time class members did not receive payment of all wages including, but not limited to,

12  compensation for meal period violations and compensation for rest period violations, upon separation

13  of their employment with Defendants.

14       33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

15  should have known that Plaintiff and class members were entitled to receive complete and accurate

16  wage statements in accordance with California law. In violation of the California Labor Code,

17  Plaintiff and class members were not furnished with complete and accurate wage statements showing

18  their accurate gross and net wages, among other things.

19       34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

20  should have known they had a duty to compensate Plaintiff and class members, and Defendants had

21  the financial ability to pay such compensation but willfully, knowingly and intentionally failed to do

22  so all in order to increase Defendants' profits.

23       35.    Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief against

24  Defendants on behalf of herself and all class members to recover, among other things, unpaid meal

25  period premium payments, unpaid rest period premium payments, interest, attorneys' fees, penalties,

26  costs and expenses.

27  ///

28  ///

7

**CLASS ACTION COMPLAINT**

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (Violations of Labor Code §§ 226.7 and 512)

36.  Plaintiff hereby incorporates all previous paragraphs of this Complaint as though fully set forth herein.

37.  Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

38.  Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

39.  Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

40.  Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

41.  During the relevant time period, Plaintiff and class members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because, among other things, Defendant did not provide the first meal periods within the first 5 hours of class members' shifts and did not provide second meal periods for shifts over 10 hours.

42.  Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

**CLASS ACTION COMPLAINT**

05/02/2017

43.    At all relevant times, Defendants failed to pay Plaintiff and class members the full meal period premium for missed and untimely meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

44.    As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## SECOND CAUSE OF ACTION

## FAILURE TO PERMIT REST PERIODS

### (Violations of Labor Code § 226.7)

45.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

46.    Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

47.    Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

48.    During the relevant time period, Plaintiff and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked because they were required to work through their daily rest periods and/or were not authorized to take their rest periods.

49.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

50.    At all relevant times, Defendants failed to pay Plaintiff and class members the full rest period premium for missed or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

**CLASS ACTION COMPLAINT**

51.    As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY WAGES UPON SEPARATION OF EMPLOYMENT

**(Violations of Labor Code §§ 201, 202, 203 and 210)**

52.    Plaintiff hereby incorporates all previous paragraphs of this Complaint as though fully set forth herein.

53.    California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

54.    During the relevant time period, Defendants willfully failed to pay Plaintiff and Waiting Time Subclass Members all their earned wages upon termination including, but not limited to, compensation for failure to provide compliant meal periods and permit compliant rest periods, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

55.    Defendants' failure to pay Plaintiff and Waiting Time Subclass Members all their earned wages at the time or discharge or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

56.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed promptly upon discharge or resignation as required under California Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

57.    Defendants willfully failed to pay Plaintiff and Waiting Time Subclass Members all wages due and, as a result, owe Plaintiff and Waiting Time Subclass Members regular daily wages

**CLASS ACTION COMPLAINT**

1    for each day they were not paid, at their regular rates of pay up to a thirty (30) day maximum pursuant

2    to California Labor Code § 203 all in an amount to be shown according to proof at trial.

3        58.    Based on these violations, Plaintiff and the Waiting Time Subclass she seeks to

4    represent request relief as described herein and below.

5    <center>**FOURTH CAUSE OF ACTION**</center>

6    <center>**<u>FAILURE TO FURNISH ACCURATE WAGE STATEMENTS</u>**</center>

7    <center>**(Violation of Labor Code § 226)**</center>

8        59.    Plaintiff hereby incorporates all previous paragraphs of this Complaint as though fully

9    set forth herein.

10       60.    California Labor Code § 226(a) requires employers to furnish their employees with

11   an accurate itemized writing that shows gross wages earned, total hours worked, all deductions, net

12   wages earned, the inclusive dates of the period for which the employee is paid, the name of the

13   employee and the portion of his or her social security number as required by law, the name and

14   address of the legal entity that is the employer and all applicable hourly rates in effect during the pay

15   period and the corresponding number of hours worked at each hourly rate by the employee.

16       61.    Defendants have intentionally and willfully failed to provide Plaintiff and class

17   members with complete and accurate wage statements. The deficiencies include, among other things,

18   the failure to list the proper amount of the gross wages earned and net wages earned, due to the failure

19   to compensate class members for non-compliant meal periods and rest periods.

20       62.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and

21   class members have suffered injury and damage to their statutorily protected rights. Specifically,

22   Plaintiff and class members have been injured by Defendants' intentional violation of California

23   Labor Code § 226(a) because they were denied both their legal right to receive, and their protected

24   interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).

25   Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages,

26   thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in

27   these efforts and incur these costs had Defendants provided the accurate wages earned. This has also

28   delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

<center>11</center>

<center>**CLASS ACTION COMPLAINT**</center>

63.     California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

64.     Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

65.     Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(g), compelling Defendants to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## FIFTH CAUSE OF ACTION

## <u>UNFAIR BUSINESS PRACTICES</u>

### (Violation of Business and Professions Code §§ 17200 *et seq.*)

66.     Plaintiff hereby incorporates all previous paragraphs of this Complaint as though fully set forth herein.

67.     California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

68.     A violation of California Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices have violated state law, causing Plaintiff and class members to suffer and continue to suffer injuries in fact. As alleged herein, Defendants engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to provide meal periods or compensation in lieu thereof, failing to permit rest periods or compensation in lieu thereof, failing to pay all wages due and owing upon separation of employment and in a timely manner, and failing to

12

1  furnish accurate wage statements, all in order to decrease their costs of doing business and increase

2  their profits.

3       69.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff and

4  class members wages and monies, thereby creating for Defendants an artificially lower cost of doing

5  business in order to undercut their competitors and establish and/or gain a greater foothold in the

6  marketplace.

7       70.    As a result of Defendants' conduct, Plaintiff and class members suffered a loss of

8  wages and monies, all in an amount to be shown according to proof at trial.  By violating the

9  foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful

10  business practices under California Business and Professions Code §§ 17200, *et seq.*

11      71.    Defendants' violations of the California Labor Code and IWC Wage Orders and their

12  scheme to lower their payroll costs as alleged herein, constitute unlawful business practices because

13  they were committed over a period of time to the detriment of Plaintiff and class members.

14      72.    As a result of the unfair business practices of Defendants, as alleged herein, Plaintiff

15  and class members are entitled to injunctive relief, disgorgement and restitution in an amount to be

16  shown according to proof at trial.

17      73.    Plaintiff seeks to enforce important rights affecting the public interest within the

18  meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has

19  been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members and to the general

20  public. Based on Defendants' conduct as alleged herein, Plaintiff and class members are entitled to

21  an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

22                          **PRAYER FOR RELIEF**

23      WHEREFORE, Plaintiff, on behalf of all others similarly situated, prays for judgment against

24  Defendants as follows:

25      1.    For certification of the proposed Class and Waiting Time Subclass and any other

26  appropriate classes or subclasses under California Code of Civil Procedure § 382;

27      2.    For appointment of Plaintiff Maria Serrano as the class representative;

28      3.    For appointment of Aegis Law Firm, PC as class counsel for all purposes;

05/02/2017

13

**CLASS ACTION COMPLAINT**

4.     For general damages;

5.     For special damages;

6.     For statutory penalties to the extent permitted by law, including those pursuant to the California Labor Code and IWC Wage Orders;

7.     For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200 *et seq.*;

8.     For restitution as provided by California Business and Professions Code §§ 17200, *et seq.*;

9.     For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under California Business and Professions Code §§ 17200 *et seq.*;

10.     For an award of damages in the amount of unpaid compensation;

11.     For pre-judgment interest;

12.     For reasonable attorney's fees and costs of suit to the extent permitted by law, including pursuant to California Code of Civil Procedure § 1021.5 and California Labor Code §§ 226(e);

14.     For such other relief as the Court deems just and proper.


Dated: May 2, 2017                          **AEGIS LAW FIRM, PC**


By: _____

Ali S. Carlsen
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

3

4    Dated: May 2, 2017                          **AEGIS LAW FIRM, PC**

5

6                                                By: _____

7                                                        Ali S. Carlsen
                                                     Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

05/02/2017

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

AEGIS LAW FIRM, PC
Samuel Wong (SBN:217104) Ali S. Carlsen(SBN: 289964)
9811 Irvine Center Dr., Suite 100
Irvine, California 92618

TELEPHONE NO.: 949-379-6250    FAX NO.: 949-379-6251

ATTORNEY FOR (Name): Plaintiff Maria Serrano

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

**FILED**
Superior Court of California
County of Los Angeles

MAY 02 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Judi Lara

CASE NAME:
Serrano v. Pacific Coast Feather Cushion Co.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 6 5 9 5 6 3 |
|---|---|---|
| ☑ Unlimited   ☐ Limited (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*By Fax*

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 5
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 2, 2017

Ali S. Carlsen
(TYPE OR PRINT NAME)                           ▶ _____  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

| SHORT TITLE: Serrano v. Pacific Coast Feather Cushion Co. | CASE NUMBER BC 6 5 9 5 6 3 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**By Fax**

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? YES    CLASS ACTION?✓YES  LIMITED CASE? YES   TIME ESTIMATED FOR TRIAL 7-10    HOURS/✓DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

05/02/2017

| SHORT TITLE: Serrano v. Pacific Coast Feather Cushion Co. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | ①, 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Serrano v. Pacific Coast Feather Cushion Co. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Serrano v. Pacific Coast Feather Cushion Co. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS:<br>7600 Industry Ave |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY:<br>Pico Rivera | STATE:<br>CA | ZIP CODE:<br>90660 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: __May 2, 2017__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT 2a

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/23/17                                                          **DEPT.** 309

HONORABLE CAROLYN B. KUHL          JUDGE    J. MANRIQUE          DEPUTY CLERK
                                            E. MUNOZ, C.A.

HONORABLE                      JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR
ADD-ON
        NONE              Deputy Sheriff   NOT REPORTED                  Reporter

---

BC659563                              Plaintiff
                                      Counsel
MARIA SERRANO                                      NO APPEARANCES
VS
PACIFIC COAST FEATHER CUSHION         Defendant
CO                                    Counsel

---

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be
Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except for
service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
July 21, 2017, at 11:30 a.m. in this department. At
least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss the
issues set forth in the Initial Status Conference
Order issued this date. The Initial Status
Conference Order is intended to help the Court and
the parties manage this complex case in order to
reduce litigation costs by developing an orderly
schedule for briefing, discovery, and court
hearings. The parties are encouraged to informally
exchange discovery prior to the Initial Status
Conference.

Responsive pleadings shall not be filed until
further Order of the Court. Parties must file a
Notice of Appearance in lieu of an Answer or other
responsive pleading. The filing of a Notice of

Page   1 of   3    DEPT. 309

**MINUTES ENTERED**
**05/23/17**
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/23/17                                                                    **DEPT.** 309

HONORABLE CAROLYN B. KUHL        JUDGE | J. MANRIQUE        DEPUTY CLERK
                                                E. MUNOZ, C.A.

HONORABLE                        JUDGE PRO TEM |                ELECTRONIC RECORDING MONITOR
ADD-ON
        NONE                     Deputy Sheriff | NOT REPORTED        Reporter

---

BC659563

MARIA SERRANO
VS
PACIFIC COAST FEATHER CUSHION
CO

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

---

**NATURE OF PROCEEDINGS:**

Appearance shall not constitute a waiver of any
substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for
filing an Affidavit of Prejudice pursuant to Code of
Civil Procedure Section 170.6.

Counsel are directed to access information on
procedures in the Complex Litigation Program
courtrooms on the Court's website at www.lacourt.org.

Pursuant to Government Code Section 70616
subdivisions (a) and (b), each party shall pay a fee
of $1,000.00 to the Los Angeles Superior Court
within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order
and the attached Initial Status Conference Order on
all parties forthwith and file a Proof of Service in
this department within seven days of service.

            CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the 05/23/17 Minute Order and Initial
Status Conference Order (Complex Litigation Program)
upon each party or counsel named below by placing

                    Page    2 of    3    DEPT. 309

**MINUTES ENTERED**
05/23/17
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 05/23/17 | **DEPT.** 309 |
| HONORABLE CAROLYN B. KUHL          JUDGE | J. MANRIQUE          DEPUTY CLERK |
| | E. MUNOZ, C.A. |
| HONORABLE                    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| ADD-ON | |
| NONE          Deputy Sheriff | NOT REPORTED          Reporter |

BC659563

MARIA SERRANO
VS
PACIFIC COAST FEATHER CUSHION
CO

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

**NATURE OF PROCEEDINGS:**

the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles, California, one
copy of the original filed/entered herein in a
separate sealed envelope to each address as shown
below with the postage thereon fully prepaid, in
accordance with standard court practices.


Dated: May 23, 2017

Sherri R. Carter, Executive Officer/Clerk


By: _____
          J. Manrique, Deputy Clerk


Kashif Haque
Samuel A. Wong
Aegis Law Firm, PC
9811 Irvine Center Drive, Suite 100
Irvine, CA 92618

```
MINUTES ENTERED
05/23/17
COUNTY CLERK
```

EXHIBIT 2b

**FILED**
Superior Court of California
County of Los Angeles

MAY 23 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Jan Josef Manrique

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARIA SERRANO, | Case No. BC659563 |
| Plaintiff, | |
| vs. | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| PACIFIC COAST FEATHER CUSHION, CO., | Case Assigned for All Purposes to Judge Carolyn B. Kuhl |
| Defendant. | Department: 309<br>Date:  July 21, 2017<br>Time:  11:30 a.m. |

This case has been assigned for all purposes to Judge Carolyn B. Kuhl in the Complex Litigation Program.  An Initial Status Conference is set for July 21, 2017, at 11:30 a.m. in Department 309 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to attend **IN PERSON**.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference

1

Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in *Apple Computer v. The Superior Court of Los Angeles County* (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

7. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket

number, and the case status.

**8.  POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**9.  POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- ■  Motion to Compel Arbitration,
- ■  Early motions in limine,
- ■  Early motions about particular jury instructions and verdict forms,
- ■  Demurrers,
- ■  Motions to strike,
- ■  Motions for judgment on the pleadings, and
- ■  Motions for summary judgment and summary adjudication.

**10. CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**11. PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:**  Please discuss a discovery plan.  If the parties cannot agree on a plan,  summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the

3

merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.  Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor and submit a proposed order. (The Court suggests contacting the vendor for a draft form of order.) If parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires

---

[1] See California Rule of Court, Rule 3.768.

court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal.App. 4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this complex case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case; however it stays all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order along with a copy of the attached Guidelines for Motions for Preliminary and Final Approval of Class Settlement on

---

[2] California Rule of Court, Rule 3.770(a)

counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this Order.

      If all parties have been served, have conducted the required meet and confer, and are ready to fully participate in the status conference prior to the assigned date, counsel may contact the clerk of Department 309 and request an earlier date for the Initial Status Conference.

Dated:  May 23, 2017

*Carolyn B Kuhl*

_____
Carolyn B. Kuhl
Judge of the Los Angeles Superior Court

EXHIBIT 2c

ORIGINAL

**ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)**
KASHIF HAQUE, SBN 218672
9811 Irvine Center Dr Ste 100

Irvine                CA            92618
TELEPHONE NO. (949) 379-6250

**ATTORNEY FOR (Name)**        Plaintiff

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, CENTRAL DISTRICT

**SHORT TITLE OF CASE**
SERRANO v PACIFIC

| 3166123 | (HEARING) Date | Time | Dept | |
|---|---|---|---|---|
| | | | | 309 |

FILED
Superior Court of California
County of Los Angeles

MAY 25 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Maria Aguirre

**Case Number:**
BC659563
**REFERENCE NO.**
Serrano v. Pacific Coast Feather

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM
   ADR INFORMATION PACKAGE WITH BLANK STIPULATION
   VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET
   NOTICE OF CASE ASSIGNMENT

3. a. PARTY SERVED:      PACIFIC COAST FEATHER COMPANY, a corporation

   b.              Cristina Kopecky, AGENT FOR SERVICE

4. ADDRESS:          7600 Industry Avenue
                     Pico Rivera          CA          90660
5. I SERVED THE PARTY IN 3A BY SUBSTITUTED SERVICE
   ON    5/16/2017   AT  1:14:00 PM
   b.  BY LEAVING THE DOCUMENTS LISTED IN 2  WITH OR IN THE PRESENCE OF:
       VALERIE (DOE), OFFICE CLERK, PERSON APPARENTLY IN
       CHARGE. HISPANIC FEMALE 25YRS 5'4" 120LBS. BROWN HAIR HAZEL EYES
   (1) (BUSINESS) A PERSON AT LEAST 18 YEARS OF AGE APPARENTLY IN CHARGE AT THE OFFICE OR
       USUAL PLACE OF BUSINESS OF THE PERSON TO BE SERVED. I INFORMED HIM OR HER OF THE
       GENERAL NATURE OF THE PAPERS
   (4) A DECLARATION OF MAILING IS ATTACHED IF REQUIRED
   (5) A DECLARATION OF DILIGENCE IS ATTACHED IF REQUIRED
6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:    PACIFIC COAST FEATHER COMPANY, a corporation

       Cristina Kopecky, AGENT FOR SERVICE

   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : 416.10 (CORPORATION)

| | | d. The fee for service was | $39.52 |
|---|---|---|---|
| 7a. Person Serving: | Joseph    Cruz | e. I am: | |

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

(1)      not a registered California process server:
(3) X    registered California process server:
   (i) Independent Contractor
   (i) Registration No:              5842
   (i) County:  LOS ANGELES

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct.   Joseph    Cruz

5/23/2017

X _____
         **SIGNATURE**

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

**PROOF OF SERVICE**

CRC 982(A)(23)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Addre | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|

KASHIF HAQUE, SBN 218672          (949) 379-6250
9811 Irvine Center Dr Ste 100

Irvine               CA          92618

ATTORNEY FOR (Name          Plaintiff

Insert of Court Name of Judicial District and Branch Court if any
**LOS ANGELES SUPERIOR COURT, CENTRAL DISTRICT**

SHORT TITLE OF CASE
**SERRANO v PACIFIC**

| 3166123 | (HEARING) Date | Time | Dept | Case Number: BC659563 |
|---|---|---|---|---|
| | | | 309 | REFERENCE NO. Serrano v. Pacific Coast Feather |

## PROOF OF SERVICE BY MAIL

1. I AM EMPLOYED IN, OR A RESIDENT OF, THE COUNTY IN WHICH THE MAILING OCCURED, AND NOT A PARTY TO THIS ACTION.  AT THE TIME OF MAILING, I WAS AT LEAST 18 YEARS OF AGE OR OLDER

ON   05/17/2017

5. b (4)  AFTER SUBSTITUTED SERVICE UNDER SECTION 415.20 (a) or 415.20 (b) or 415.46 C.C.P. WAS MADE. I SERVED THE WITHIN:

SUMMONS & COMPLAINT
CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM
ADR INFORMATION PACKAGE WITH BLANK STIPULATION
VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET
NOTICE OF CASE ASSIGNMENT

ON THE DEFENDANT IN SAID ACTION BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON PREPAID FOR FIRST CLASS IN THE UNITED STATES MAIL AT:  COSTA MESA, CALIFORNIA, ADDRESSED AS FOLLOWS:

PACIFIC COAST FEATHER COMPANY, a corporation

Cristina Kopecky, AGENT FOR SERVICE
7600 Industry Avenue
Pico Rivera          CA          90660

DECLARANT:  MONICA FIGUEROA

d. The fee for service was          $39.52
e. I am:

(1) X    not a registered California process server:
(3)      registered California process server:
(i) Employee
(i) Registration No:
(i) County:  Orange

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.    MONICA FIGUEROA

5/23/2017

X _____
**SIGNATURE**

**PROOF OF SERVICE**

EXHIBIT 2d

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)    TELEPHONE NO.    FOR COURT USE ONLY
KASHIF HAQUE, SBN 218672    (949) 379-6250
9811 Irvine Center Dr Ste 100

Irvine                    CA        92618
ATTORNEY FOR (Name    Plaintiff

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, CENTRAL DISTRICT

SHORT TITLE OF CASE
SERRANO v PACIFIC

**ORIGINAL**

FILED
Superior Court of California
County of Los Angeles

MAY 25 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Maria Aguilar

| 3166119 | (HEARING) Date | Time | Dept | Case Number: |
|---|---|---|---|---|
|  |  |  | 309 | BC659563 |
|  |  |  |  | REFERENCE NO. |
|  |  |  |  | Serrano v. Pacific Coast Feather |

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
2. I SERVED COPIES OF THE:
    SUMMONS & COMPLAINT
    CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM
    ADR INFORMATION PACKAGE WITH BLANK STIPULATION
    VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET
    NOTICE OF CASE ASSIGNMENT

3. a. PARTY SERVED:    PACIFIC COAST FEATHER CUSHION CO., a corporation

   b.                Neil Puro, AGENT FOR SERVICE

4. ADDRESS:        7600 Industry Avenue
                   Pico Rivera        CA        90660
5. I SERVED THE PARTY IN 3A BY SUBSTITUTED SERVICE
        ON    5/16/2017    AT  1:14:00 PM
   b.  BY LEAVING THE DOCUMENTS LISTED IN 2  WITH OR IN THE PRESENCE OF:
        VALERIE (DOE), OFFICE CLER, PERSON APPARENTLY IN
        CHARGE. HISPANIC FEMALE 25YRS 5'4" 120LBS. BROWN HAIR HAZEL EYES
        (1) (BUSINESS) A PERSON AT LEAST 18 YEARS OF AGE APPARENTLY IN CHARGE AT THE OFFICE OR
            USUAL PLACE OF BUSINESS OF THE PERSON TO BE SERVED. I INFORMED HIM OR HER OF THE
            GENERAL NATURE OF THE PAPERS
        (4) A DECLARATION OF MAILING IS ATTACHED IF REQUIRED
        (5) A DECLARATION OF DILIGENCE IS ATTACHED IF REQUIRED
6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:    PACIFIC COAST FEATHER CUSHION CO., a corporation

                Neil Puro, AGENT FOR SERVICE

        UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : 416.10 (CORPORATION)

| 7a. Person Serving:    Joseph    Cruz | d. The fee for service was        $66.42 |
|---|---|
|  | e. I am: |
| b. DDS Legal Support | (1)        not a registered California process server: |
| 2900 Bristol St | (3) X     registered California process server: |
| Costa Mesa, Ca 92626 | (i) Independent Contractor |
|  | (i) Registration No:                5842 |
| c. (714) 662-5555 | (i) County:    LOS ANGELES |

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct.    Joseph    Cruz

5/23/2017                            X _____
                                        **SIGNATURE**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)

KASHIF HAQUE, SBN 218672
9811 Irvine Center Dr Ste 100

Irvine          CA          92618

TELEPHONE NO.
(949) 379-6250

ATTORNEY FOR (Name     , Plaintiff

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, CENTRAL DISTRICT

SHORT TITLE OF CASE
SERRANO v PACIFIC

| 3166119 | (HEARING) Date | Time | Dept | |
|---|---|---|---|---|
| | | | | 309 |

Case Number:
BC659563

REFERENCE NO.
Serrano v. Pacific Coast Feather

### PROOF OF SERVICE BY MAIL

1. I AM EMPLOYED IN, OR A RESIDENT OF, THE COUNTY IN WHICH THE MAILING OCCURED, AND NOT A PARTY TO THIS ACTION.  AT THE TIME OF MAILING, I WAS AT LEAST 18 YEARS OF AGE OR OLDER

ON   05/17/2017

5. b (4)  AFTER SUBSTITUTED SERVICE UNDER SECTION 415.20 (a) or 415.20 (b) or 415.46 C.C.P. WAS MADE. I SERVED THE WITHIN:

SUMMONS & COMPLAINT
CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM
ADR INFORMATION PACKAGE WITH BLANK STIPULATION
VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET
NOTICE OF CASE ASSIGNMENT

ON THE DEFENDANT IN SAID ACTION BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON PREPAID FOR FIRST CLASS IN THE UNITED STATES MAIL AT:  COSTA MESA, CALIFORNIA, ADDRESSED AS FOLLOWS:

PACIFIC COAST FEATHER CUSHION CO., a corporation

Neil Puro, AGENT FOR SERVICE
7600 Industry Avenue
Pico Rivera          CA          90660

DECLARANT:  MONICA FIGUEROA

d. The fee for service was          $66.42
e. I am:

(1)  X    not a registered California process server:
(3)        registered California process server:
   (i)  Employee
   (i)  Registration No:
   (i)  County:  Orange

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.    MONICA FIGUEROA

5/23/2017

x _____
                                SIGNATURE

### PROOF OF SERVICE